UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL B.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C21-893-MLP<br><br>ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her allegations and assessing certain medical opinion evidence.[1] (Dkt. # 14 at 1.) Plaintiff also argues that the ALJ's decision should be remanded due to Commissioner Andrew Saul's unconstitutional tenure protection. (*Id*. at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for a finding of disability.

---

[1] Plaintiff assigned error to the ALJ's weighing of the medical opinion evidence on the first page of her opening brief (dkt. # 14 at 1), but failed to identify any error in this regard later in her brief. The Court finds that this assignment of error has been abandoned.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1963, did not complete high school (reportedly left school in seventh, eighth, or eleventh grade), and previously worked as a meat cutter. AR at 94-95, 415, 969-70, 984. Plaintiff was last gainfully employed in December 2011. *Id.* at 415.

In January 2012, Plaintiff applied for benefits, alleging disability as of December 7, 2011. AR at 363-69. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 189-91, 203-07. The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for further proceedings. *Id.* at 181-84.

On remand, the ALJ conducted a hearing in May 2018 (AR at 79-125) and issued a decision finding Plaintiff not disabled. *Id.* at 20-31. The Appeals Council denied Plaintiff's request for review (*id.* at 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings, instructing the ALJ to reconsider Plaintiff's testimony and any other parts of the decision as necessary. *Id*. at 1024-29.

A different ALJ held a hearing in April 2021 (AR at 964-89) and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 946-55. The Appeals Council did not assume jurisdiction, and Plaintiff now seeks judicial review of the Commissioner's final decision. (Dkt. # 5.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

ORDER - 2

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

The court remand order found that the prior decision had cited lack of objective corroboration as the basis for discounting Plaintiff's testimony, and that this reason was not alone sufficient to support the ALJ's assessment of Plaintiff's testimony. *See* AR at 1024-29. According to Plaintiff (dkt. # 14 at 3-4), the new decision merely reiterates the same erroneous reasoning from the prior decision, and thus fails to identify sufficient clear and convincing reasons to support the ALJ's assessment of Plaintiff's testimony for the same reason identified in the court remand order. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The new decision does reference some of the same evidence as summarized in the prior decision, which is to be expected given that both decisions address the same remote adjudicated period (December 17, 2011, through September 30, 2017). *Compare* AR at 26-28 *with id*. at 951-54. In the current decision, the ALJ found not only that the objective evidence fails to

ORDER - 3

corroborate Plaintiff's allegations, but also that the medical record is inconsistent with her allegations in additional ways. *Id*. at 952-53.

None of the inconsistencies cited by the ALJ constitute a convincing reason to discount all of Plaintiff's allegations, however. The ALJ pointed to one treatment note referencing Plaintiff's need for encouragement during an examination (AR at 711), but this note also mentions that Plaintiff's results were normal with "best effort," and thus does not clearly suggest that Plaintiff's examination results were undermined by poor effort. *Cf. Thomas,* 278 F.3d at 959 (finding a claimant's failure to give maximum effort on examination is compelling evidence detracting from subjective symptom testimony).

The ALJ also pointed to certain points in time where some of Plaintiff's mental symptoms were normal, yet also acknowledged that she generally presented with depressed mood and anxious affect. AR at 952-53. Evidence of normal cognitive functioning does not contradict allegations of symptoms related to depression and anxiety. *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). Furthermore, normal cognitive findings do not provide a basis for discrediting Plaintiff's allegation of disability "primarily due to back pain and hand pain." AR at 952. The ALJ did not explain how the normal cognitive findings cited contradict Plaintiff's allegations, and therefore erred in relying on this evidence as a basis for discounting Plaintiff's allegations of disability based primarily on physical deficits.

Likewise, although Plaintiff was not prescribed seizure medication for at least some of the adjudicated period, this fact does not suggest that her seizures did not cause any limitations. Plaintiff testified that her memory is not reliable as to particular dates as a result of her seizures (AR at 975), but did not testify that she cannot remember the symptoms she experienced. The ALJ found that Plaintiff's seizure disorder was a severe medically determinable impairment (*id*.

ORDER - 4

at 950), and thus should have accounted for the limitations caused by that disorder in the RFC assessment rather than discrediting Plaintiff on that basis. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that an ALJ's RFC assessment must account for all a claimant's functional limitations supported by the record).

Because the ALJ failed to provide any clear and convincing reason to discount Plaintiff's allegations beyond the lack of corroboration in the objective medical record, the ALJ erred in finding her testimony to be "markedly unreliable." AR at 954. Accordingly, the Court finds that, again, the ALJ's decision erroneously discounted Plaintiff's allegations of disabling limitations and the Court exercises its discretion to remand this case for a finding of disability.

Further administrative proceedings would serve no useful purpose because the period at issue is remote and no further development of the record is possible. Furthermore, the Commissioner has already had three opportunities to adjudicate Plaintiff's claim, which was filed nearly ten years ago, and these prolonged proceedings suggest that an additional remand would be futile. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (noting seven-year delay and additional delay posed by further proceedings); *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985) (noting administrative proceedings would only prolong already lengthy process and delay benefits). Under these circumstances, the Court finds that a remand this matter for a finding of disability is the appropriate remedy.[2] *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that a remand for a finding of disability is appropriate if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) the ALJ would be

---

[2] In light of this resolution, the Court need not address Plaintiff's constitutional challenge. (Dkt. # 14 at 6-12.)

required to find the claimant disabled on remand if the improperly discredited evidence were credited).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for a finding of disability.

Dated this day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6